Pugh appeals from a judgment of the Circuit Court granting the defendant's motion to dismiss his complaint. We reverse.
Pugh was an employee of Kaiser Aluminum and Chemical Sales, Inc. He sustained a knee injury on the job which eventually necessitated his prolonged absence from work. Kaiser's employees were covered by a Company Disability Plan which provided inter alia that disabled employees were entitled to receive their full salary for a certain period of their disability and thereafter 60% of their salary for a period of up to six months. These disability payments were to continue until either the employee returned to work or six months elapsed from the commencement of the disability. Pugh received his disability payments pursuant to the Kaiser plan for approximately two months.
Kaiser urged Pugh to return to work ostensibly because his department was short-handed; however, he was terminated four days after he returned to work.
Pugh filed this complaint alleging that Kaiser fraudulently and deceitfully induced him to return to work; that under the terms of the Company Disability Plan, his return to work automatically disqualified him from receiving further disability benefits; and that if he had completed his recuperation, he would have been entitled to another four months of disability benefits. Pugh did not assert that his termination was wrongful, nor did he seek workmen's compensation. His sole claim is grounded in fraud and the propriety of the trial court's dismissal is the only issue presented on appeal.
The briefs of the parties seem to indicate that the trial judge granted the motion to dismiss for failure to state a claim for relief because the plaintiff could not prove that Kaiser's misrepresentations actually caused him legal damage. It is Pugh's contention that although his employment was terminable at will, Kaiser's misrepresentations induced action on his part which resulted in a forfeiture of his disability benefits. Kaiser responds with the argument that: 1) if Pugh's right to receive disability benefits was not vested, then the right to receive the disability benefits was, like his employment, terminable at will, or 2) if Pugh had a vested right to receive disability benefits, then he must recover them in a breach of contract action instead of a tort action for fraud and deceit.
In actions for fraud, it is necessary that there be a false representation concerning a material existing fact. The plaintiff must rely on that false representation and must be damaged as a proximate result. International Resorts, Inc. v.Lambert, 350 So.2d 391 (Ala. 1977). See Code 1975, § 6-5-101.
Pugh has alleged that Kaiser falsely represented a material existing fact, i.e., that his department was short-handed and that his immediate return was essential to continued operations. Pugh has alleged that he relied on these false representations by returning to work before he had completely recovered from his physical disability. Finally Pugh has alleged that he has been damaged by his reliance to the extent that his premature return to work rendered him ineligible to receive an additional four and one-half months of disability benefits. The essence of Pugh's complaint is that Kaiser fraudulently induced him to voluntarily surrender anunqualified right to receive disability benefits. This Court has recently approved an action for fraudulent misrepresentation where the plaintiff proved that the defendant induced him to forego a business opportunity, Cities Serv. OilCo. v. Griffin, 357 So.2d 333 (Ala. 1978). Thus, it stands to reason that where one is fraudulently induced to surrender an absolute right instead of a business opportunity, then that person may claim damages in an action for fraud.
We agree with the appellant that the terminability vel non of these benefits is *Page 798 
immaterial with respect to the allegations in the complaint. The complaint addresses Kaiser's alleged fraud in inducing the automatic forfeiture of Pugh's benefits. According to the allegations of the complaint the forfeiture occurred when he returned to work instead of when he was terminated.
For the foregoing reasons, the judgment of the trial court dismissing the complaint must be reversed and remanded for further proceedings.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur.