ADAMS, Justice.
Hollis appeals from the Etowah County Circuit Court’s grant of summary judgment against him and in favor of defendant, Warehouse Groceries Management, Inc.
Truman Hollis worked as an employee of Warehouse Groceries for approximately eight years, beginning sometime in 1975. During this time he attained the level of foreman of the maintenance crew. In late March 1983, Hollis suffered an injury to his back as a result of a non-work-related accident. The accident resulted in Hollis’s hospitalization for several days.
Warehouse Groceries had a salary continuation plan for its salaried employees who suffered a disabling illness or injury. Pursuant to this plan, Hollis was entitled to receive payments equalling his full salary, as long as he was unable to work, for up to six months. The evidence indicates that in early May, however, while Hollis was still in the hospital, he was brought work to do by one of his supervisors, who told Hollis that he was badly needed at work; that after Hollis was released from the hospital, and while he was recuperating at home, he was contacted numerous times by his supervisors and fellow employees, in an attempt to find out when he would be able to return to work; and that one of Hollis’s supervisors, Ben Hurley, was in constant contact with Hollis, telling him that there was a tremendous backlog of work and that his services were desperately needed.
Hollis alleges that he relied on these representations and returned to work on May 12, 1983, even though he had not been released by his physician and was still physically incapable of performing his job. Upon his return to work on May 12, Hollis was informed that he was being terminated due to poor economic conditions and a lack of work. As a result of his termination, Hollis’s disability payments were stopped.
On May 4, 1984, Hollis filed suit against Warehouse Groceries, claiming damages for allegedly fraudulent representations, made by its agents, which induced him to return to work so that he could be terminated and deprived of the disability payments to which he was entitled. In separate counts, Hollis also claimed damages based on wrongful termination and on the tort of outrage. Warehouse Groceries filed a motion to dismiss, which the trial court denied. On December 28, 1984, Warehouse Groceries filed a motion for summary judgment, which the court granted on January 16, 1985. From this ruling Hollis appeals. We reverse the court’s summary judgment as to Hollis’s claim of fraudulent misrepresentations, but affirm as to the court’s summary judgment on Hollis’s wrongful termination and tort of outrage claims. These claims were not sufficiently argued in Hollis’s brief to merit our consideration.
In Pugh v. Kaiser Alumnum & Chemical Sales, Inc., 369 So.2d 796 (Ala.1979), this Court was presented with a fact situation very similar to the case sub judice. In that case, Pugh suffered a knee injury which necessitated his absence from work. Under the company’s disability plan, he was entitled to receive payments for a period of up to six months while he was recuperating. Pugh was urged to return to work due to the company’s being shorthanded; however, four days after he returned to work he was fired. Pugh filed a complaint against Kaiser Aluminum alleging that the company caused him to forfeit four months of disability payments to which he was entitled by fraudulently inducing him to return to work before he had recovered from his injury. In support of its holding that the trial court erred when it granted Kaiser Aluminum’s motion to dismiss the complaint, this Court stated:
*376 In actions for fraud, it is necessary that there be a false representation concerning a material existing fact. The plaintiff must rely on that false representation and must be damaged as a proximate result. International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977). See Code 1975, § 6-5-101.
Pugh has alleged that Kaiser falsely represented a material existing fact, i.e., that his department was short-handed and that his immediate return was essential to continued operations. Pugh has alleged that he relied on these false representations by returning to work before he had completely recovered from his physical disability. Finally Pugh has alleged that he has been damaged by his reliance to the extent that his premature return to work rendered him ineligible to receive an additional four and one-half months of disability benefits. The essence of Pugh’s complaint is that Kaiser fraudulently induced him to voluntarily surrender an unqualified right to receive disability benefits. This Court has recently approved an action for fraudulent misrepresentation where the plaintiff proved that the defendant induced him to forgo a business opportunity, Cities Serv. Oil Co. v. Griffin, 357 So.2d 333 (Ala.1978). Thus, it stands to reason that where one is fraudulently induced to surrender an absolute right instead of a business opportunity, then that person may claim damages in an action for fraud.
Id. at 797.
We know no reason why the precedent established in Pugh should not be applied to govern this appeal. In the case at bar, there is evidence to support the conclusion that Hollis had an absolute right to receive disability payments for six months, and that, but for the company’s fraudulent misrepresentations inducing him to return to work before he was physically recovered, he would have received the remaining disability payments, pursuant to the company’s salary continuation plan. Therefore, the trial court’s summary judgment in favor of Warehouse Groceries as to Hollis’s claim of fraudulent misrepresentations is due to be, and it hereby is, reversed, and the cause is remanded for further proceedings. The trial court’s summary judgment in favor of Warehouse Groceries on the wrongful termination and tort of outrage claims is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.