Linda Joyce Knowles, by and through her mother and next friend, Loretta Harrison, sued Huey Poppell and his father, *Page 41 
Samuel Poppell, to recover damages for the personal injuries that she suffered when she fell from the back of a moving pick-up truck. Ms. Harrison sued individually for the loss of her daughter's services. The trial court entered a summary judgment for the defendants. This appeal followed.[1] We affirm in part, reverse in part, and remand.
The following material facts are undisputed: On September 12, 1985, the plaintiff, 13-year-old Linda Joyce Knowles, asked 17-year-old Huey Poppell to give her a ride in his pick-up truck from Florala High School to a local restaurant. Poppell agreed and, because there was no room in the truck's cab, the plaintiff climbed into the back and sat on the truck's open tailgate. Poppell instructed her to get off the tailgate and to sit in the bed of the truck. She complied. After they had driven a short distance, the plaintiff stood up and walked to the front of the truck's bed and held on to the top of the truck's cab. Seeing this in his rear view mirror, Poppell immediately turned and, through an open window, instructed the plaintiff to sit down. At approximately this same time, one of the truck's tires hit a "pot hole" in the road and "bounced real hard," causing the plaintiff to lose her balance and fall out of the truck. Poppell did not attempt to slow or stop the truck when he saw the plaintiff stand up. The speed limit where the accident occurred was 25 m.p.h.
There was a factual dispute as to whether the truck was traveling at a speed in excess of the legal limit at the time of the accident. Huey Poppell testified in his deposition that he was not exceeding the speed limit. His testimony in this respect was supported by the testimony of an eye-witness. The plaintiff testified, however, that the truck was traveling between 30 and 40 m.p.h.
The plaintiff's theory of recovery against Huey Poppell was grounded on his alleged negligent or wanton operation of the truck. She sought to recover damages from Samuel Poppell on a negligent entrustment theory.
Because this action was pending on June 11, 1987, Ala. Code 1975, § 12-21-12, does not apply, and the "scintilla rule" is applicable. Our standard for reviewing the propriety of a summary judgment when the "scintilla rule" is applicable was stated in Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986), as follows:
 "The standard of review which this Court must follow when summary judgment has been granted to a defendant on a plaintiff's claim against a defendant is well established. Summary judgment for a defendant is proper when there is no genuine issue of a material fact as to any element of a cause of action and the defendant is entitled to a judgment as a matter of law. If there is any evidence of every element of a cause of action, summary judgment is inappropriate. In determining whether there is any evidence to support every element of a cause of action in this case, this Court must review the record in a light most favorable to the plaintiffs and resolve all reasonable doubts against the defendant. Harrell v. Reynolds Metals Co., 495 So.2d 1381
(Ala. 1986)."
We should note at this point that the propriety vel non of the summary judgment in favor of Samuel Poppell was not sufficiently argued in the plaintiff's brief to merit our consideration. Therefore, we affirm the summary judgment as to the negligent entrustment claim. See Nichols v. Town of MountVernon, 504 So.2d 732 (Ala. 1987); Hollis v. Warehouse GroceriesManagement, Inc., 481 So.2d 374 (Ala. 1985); Ex parte Riley,464 So.2d 92 (Ala. 1985).
The plaintiff contends that a jury could reasonably infer from the evidence that Huey Poppell was negligent or wanton in his operation of the truck. We agree with her contention insofar as her claim of negligence is concerned. We do not agree, however, that there is any evidence from which *Page 42 
a jury could reasonably infer that Huey Poppell was guilty of wantonness.
Negligence is the failure to discharge or perform a legal duty owed to another. Within the context of this case, negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances. See ElbaWood Products, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978). It is possible that a jury could reasonably conclude that Huey Poppell was driving the truck at a speed in excess of the legal limit, that the speed of the truck was the primary contributing factor in its bouncing "real hard" when it struck the hole in the road, and that the plaintiff fell from the truck as a result of this sequence of events. There is some evidence tending to prove each element of a cause of action for negligence; therefore, the trial court erred in entering the summary judgment on the negligence claim.[2]
Wantonness is defined as " 'the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.' " Hood v.Murray, 547 So.2d 75 (Ala. 1989), quoting McDougle v. Shaddrix,534 So.2d 228, 231 (Ala. 1988). The following are the salient features of the evidence — taking the contentions most favorable to the plaintiff — regarding the claim for wantonness: The speed limit where the accident occurred was 25 m.p.h. Poppell was driving between 5 and 15 m.p.h. above the legal speed limit and made no attempt to slow or stop the truck upon seeing the plaintiff stand up and walk to the front of the truck's bed. Speed alone does not import wantonness, and a violation of the speed law does not of itself amount to wanton misconduct. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429 (1954). The plaintiff argues, however, that, in addition to driving the truck at a speed in excess of the speed limit, Poppell made no attempt to slow or stop the truck once he saw her stand up. This failure to act, she says, when considered in conjunction with the speed of the truck, creates a reasonable inference of wantonness.
No reasonable inference of wantonness can be drawn from Poppell's failure to apply the truck's brakes when he first saw the plaintiff stand up. Had the truck suddenly slowed or stopped when the plaintiff first stood up, she would have been placed in certain peril of losing her balance. Once the plaintiff reached the front of the truck's bed and had a hold on the top of the truck's cab, she was immediately instructed to sit down. Given the undisputed fact that Poppell twice instructed the plaintiff to sit down in the bed of the truck, we must conclude that the only reasonable inference that can be drawn from the evidence is that Poppell did not apply the brakes when he first observed the plaintiff stand up because he was concerned for her safety. The truck apparently hit the "pot hole" before she could comply with his instructions. We simply cannot draw from the evidence any reasonable inference that Poppell was conscious that his operation of *Page 43 
the truck would likely or probably result in injury to the plaintiff and that he acted, or failed to act, with a conscious indifference to the consequences. Summary judgment on the wantonness claim was proper.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Ms. Harrison did not appeal from the summary judgment for the defendants on her derivative claim.
[2] Huey Poppell pleaded the "guest statute," Ala. Code 1975, §32-1-2, and contributory negligence in defense of the plaintiff's negligence claim. From the record, we cannot determine whether either of these defenses persuaded the trial court to enter the summary judgment for Huey Poppell. The defendants argue in their brief that the "guest statute" is a bar to the plaintiff's negligence claim; however, they make no argument that the plaintiff was contributorily negligent as a matter of law. It is difficult for us to tell from the record whether these two issues were actually before the trial court on the defendants' motion for summary judgment. Because we are not certain, however, we think that it would be prudent for us to note that the plaintiff, who was 13 years old at the time of the accident, stated by affidavit that she never understood the risks associated with riding in the back of the pick-up truck. There was evidence to the contrary. Consequently, because the evidence is in dispute as to whether the plaintiff actually appreciated the risks associated with riding in the truck, the applicability of the "guest statute" in this case is for the trier of fact, see Walker v. Garris, 368 So.2d 277 (Ala. 1979), as is the applicability of the affirmative defense of contributory negligence, see King v. South, 352 So.2d 1346,1347 (Ala. 1977).