Miriam Gail Lumpkin Fox, individually and as next friend of her minor son Kevin, filed a seven-count complaint against The Hollar Company, Inc.; George Lumpkin (Kevin's father); Joseph Stephen Eaglin; Ozark Motor Lines, Inc.; and Federated Mutual Insurance Company. The action resulted from a December 21, 1987, traffic accident in which Kevin was injured while riding in a tanker truck driven by Lumpkin. The truck was owned by Lumpkin's employer, Hollar, and was insured by Federated. The truck collided with a tractor-trailer truck that had "jackknifed" in the roadway. The jackknifed truck was driven by Eaglin and was owned by Ozark Motor Lines. Both Lumpkin and Eaglin claim that a "phantom" vehicle started the sequence of events that resulted in the collision.
In her complaint, Fox alleged, among other things, that Lumpkin and Eaglin were negligent or wanton and that their negligence or wantonness caused the accident in which Kevin was injured. Fox also claimed a right to uninsured motorist insurance benefits from Federated. Prior to trial, however, Federated filed a motion for severance of the uninsured motorist claim. After both parties had presented briefs on the motion, and after a hearing on the motion, the trial court granted Federated's motion. Thereafter, the action proceeded to trial on Fox's negligence and wantonness claims. At the conclusion of the evidence, the trial court dismissed all wantonness claims, finding that Fox had presented no evidence of wantonness by any of the defendants. The jury returned a verdict *Page 225 
for the defendants, and the trial court entered a judgment on that verdict. Fox appeals.
Fox raises two issues. First, she contends that the trial court abused its discretion in severing the uninsured motorist claim from the underlying negligence action. Next, she argues that the trial court erred in submitting to the jury the question whether Kevin was a "guest" within the meaning of the Alabama guest statute, § 32-1-2, Ala. Code 1975. Fox asserts that because Kevin was under 14 years of age at the time of the accident, the trial court should have ruled that, as a matter of law, the guest statute was inapplicable.
Looking first to the severance issue, we initially note that Rule 18(c), A.R.Civ.P., makes severance mandatory where a damages claim and a liability insurance coverage question are presented in the same jury action. Furthermore, Rule 42(b) provides that the trial court may order a separate trial of a claim in furtherance of convenience or to avoid prejudice. The committee comments to Rule 42(b) indicate that the rule "gives the trial court a virtually unlimited freedom to order separate trials of claims, issues, or parties, as may seem dictated by convenience and the desire to avoid prejudice." However, the comments also indicate that separate trials are not to be granted merely because some of the parties might prefer separate trials. The same reasoning is applicable in the case of a severance.
We have previously stated that the power of the trial court to order a severance or separate trials to avoid prejudice necessarily encompasses broad discretion. Robinson v. ComputerServicenters, Inc., 360 So.2d 299 (Ala. 1978). In reviewing a ruling on a motion to sever or a motion for a separate trial, we will look only to determine whether the trial court clearly abused its discretion. Ex parte R.B. Ethridge Assoc., Inc.,494 So.2d 54 (Ala. 1986). In Ethridge, we noted:
 "It is indeed a generally desirable goal . . . to have only one trial involving all of the issues and parties. However, it must be recognized that that goal is secondary to the concerns of the trial judge in preventing prejudice to the parties.
Moreover, the determination as to when a claim should be separated for trial is peculiarly within the province of the trial judge, and, in the absence of a clear abuse of discretion, deference should be given to his or her judgment."
494 So.2d at 58. (Emphasis supplied.)
In the case at bar, Fox asserts that she and Kevin were denied a fair trial of all of their claims against all defendants and that that denial created a prejudice that substantially outweighs any speculative prejudice to Federated by the simultaneous litigation of the uninsured motorist insurance claim against it and the underlying negligence claim against Hollar, Lumpkin, Ozark, and Eaglin. We disagree.
As noted above, the right of a party to litigate all claims in one proceeding is secondary to the overriding goal of preventing prejudice to the parties. In this case, the possibility of prejudice to Federated, had the claims against it not been severed, is clear. If the uninsured motorist claim asserted against Federated had been tried along with the claims asserted against Lumpkin and Hollar, the jury would certainly have learned of Federated's identity and the reason for its presence in the action. The jury would also have known that the Hollar truck was covered by an insurance policy that provided uninsured motorist coverage. In order to prove her claim for uninsured motorist insurance coverage, Fox would have been required to show that an insurance policy providing Hollar with uninsured motorist coverage was in existence at the time of the accident. When Fox proved the existence of insurance, the jury, either through the introduction of the policy itself, or by inference, would have learned that Federated provided Hollar with not only uninsured motorist coverage, but also with liability coverage. Therefore, the jury would have been exposed to the highly prejudicial fact that part, or all, of any judgment rendered against Hollar or Lumpkin would have been paid by Federated. *Page 226 
Fox portrays this case as being closely analogous to Lowe v.Nationwide Ins. Co., 521 So.2d 1309 (Ala. 1988). The issue inLowe was whether an insured may file a claim for underinsured motorist coverage against his or her own insurer in the same lawsuit with the insured's claim against the underinsured motorist and litigate all the issues in one proceeding. We answered in the affirmative. However, we note that this case is distinguishable from Lowe in one crucial respect. In Lowe, the tort-feasor's insurer and the plaintiff's underinsured motorist insurer were the same company. By contrast, in the present case, Federated insures only one of a number of alleged tort-feasors. Furthermore, the interests of those alleged tort-feasors are not concurrent with Federated's interest vis-à-vis the uninsured motorist claim. Federated would be seeking to convince the jury that the driver of the phantom vehicle, i.e., the uninsured motorist, was not at fault, while the alleged tort-feasors would be trying to convince the jury that the accident was entirely the fault of the driver of the phantom vehicle. We further note that even if we applied the procedure adopted in Lowe for determining whether an insurance coverage question can be tried along with an underlying liability question, the Lowe procedure does not conflict with the action taken by the trial court here.
Under the circumstances of this case, we find that the trial court reasonably could have determined that it would be virtually impossible to prevent the introduction of evidence that showed or tended to show that one of the parties would be indemnified by an insurance company. See Robins Engineering,Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977). In light of this, we find no error in the trial court's severance of the uninsured motorist claim against Federated.
The second issue presented for our review is whether the trial court erred in submitting to the jury the question of whether Kevin was a guest within the meaning of the Alabama guest statute. Fox contends that because Kevin was a minor under 14 years of age, under the facts of this case the trial court, not the jury, should determine whether Kevin was subject to the guest statute, based upon his capacity to consent.
Section 32-1-2, Ala. Code 1975, sets forth the law in this state as it relates to guests, as follows:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
The relationship between a host and a guest is consensual in nature and involves some acceptance by the guest of the relationship and its attendant hazards. Crovo v. Aetna Casualty Surety Co., 336 So.2d 1083 (Ala. 1976). In the ordinary case, the question whether a rider is a passenger for hire or a guest is one of fact. See Roe v. Lewis, 416 So.2d 750 (Ala. 1982). The question here, however, is whether 11-year-old Kevin was legally capable of giving his consent to ride in the Hollar tanker truck driven by Lumpkin so as to bring him within the guest statute.
The applicability of the guest statute to a child under age 14 has previously been addressed by this Court. In the first case in which we considered the issue, Walker v. Garris,368 So.2d 277 (Ala. 1979), we adopted the position that the question whether a child under 14 is subject to the guest statute is to be determined by the factfinder, based on the individual child's capacity to consent. The Walker holding was subsequently cited with approval in Knowles v. Poppell,545 So.2d 40 (Ala. 1989). In Knowles, we noted that the question of whether a 13-year-old girl was capable of consenting to be a guest within the meaning of the guest statute was for the jury's determination.
Fox, in her brief, analogizes the concept of a minor's consenting to become a guest *Page 227 
under the guest statute to the doctrine of assumption of the risk. She then cites to us a case from another jurisdiction holding that there is a rebuttable presumption that a child between the ages of 7 and 14 is incapable of exercising care and prudence and further that a child under the age of 14 is incapable of knowingly and voluntarily accepting an invitation to become a guest in an automobile so as to subject himself to a gross negligence or wantonness rule. See Smith v. Kauffman,212 Va. 181, 183 S.E.2d 190 (1971). We note, however, that while the proposition advanced by Fox would be a viable approach to applying the guest statute to minors, it is inconsistent with our prior decisions.
The record in the present case reflects that the trial court followed the directives of Walker and Knowles. In instructing the jury, the trial court first read § 32-1-2. The trial court then charged the jury that it was to determine whether Kevin had given an intelligent consent. In other words, the trial court ruled that the question of whether Kevin had the capacity to consent was for the jury to determine. Therefore, we find no error by the trial court.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and STEAGALL, JJ., concur.