L. CHARLES WRIGHT, Retired Appellate Judge.
This is a personal injury action.
In 1988 Mary Morris filed a complaint against the defendant alleging personal injury and damages arising from an automobile collision. The defendant did not file a responsive pleading, and default judgment was subsequently entered against him. The trial court then set a date for a hearing to determine the amount of damages to be awarded.
In 1990 Morris’s insurance company, Allstate Insurance Company, Inc., filed a motion to intervene, which was granted. Allstate then filed a motion to set aside the entry of default judgment. This motion was denied. •>
After an ore tenus proceeding was held on the issue of damages, Morris was awarded a judgment of $5,600 and costs. She then filed a motion for new trial and a “motion to amend finding of facts and entry of new judgment.” These motions were denied. Morris appeals.
We begin by recognizing that where evidence has been presented ore tenus, the trial court’s judgment upon that evidence is presumed correct and will be reversed only if it is found to be plainly and palpably wrong. Hand v. Stanard, 392 So.2d 1157 (Ala.1980).
Morris first argues that the trial court’s award of damages was insufficient because it did not fully compensate her for pain and loss of earnings.
The record shows that Morris’s car was hit from the rear by the defendant’s car and that she sustained injuries to her lower back, legs, neck, and shoulder. Her doctor diagnosed the injury as a herniated disc and opined that she had a 10% disability. Morris incurred medical expenses of $1,531.80, including the cost of physical therapy.
Morris is a cosmetologist and her work requires constant standing and bending. Prior to the accident, Morris owned a small beauty shop with gross monthly receipts of less than $4,500. At the time she was injured, Morris had just opened a second, larger shop with her children. The record shows that the larger shop ultimately failed, and Morris attributes this to her inability to work long hours after the accident. However, the record shows that the gross receipts of her smaller shop tripled during this time and that Morris “materially participated” in both businesses. Morris now works in the smaller shop but testified at trial that continuing pain from her inju *308 ries has limited her ability to earn and to enjoy other activities.
In its order, the trial court did not make specific findings of fact concerning Morris’s loss of ability to earn or the limitations her injury has placed upon her activities. However, in the absence of such findings, we must presume that the trial court made the conclusions from the evidence that were necessary to support its judgment, unless such conclusions would be clearly erroneous. Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989). In this case, the trial court could reasonably have concluded that Morris’s injuries had not resulted in a great loss of business profit. Furthermore, because the court awarded damages well in excess of Morris’s expenses, we cannot say that the court failed to consider the continuing effects of her injuries. In view of this, and the latitude afforded to the finder of fact in awarding damages, we must conclude that the court’s judgment did not constitute reversible error.
Morris next argues that the trial court erred in granting a directed verdict on the count of wantonness included in her complaint.
To recover damages for a wanton act, the plaintiff must show that the defendant acted with reckless indifference and consciously committed a wrongful act or omitted some known duty, thereby producing the plaintiff’s injury. Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987). Evidence of negligence alone is not sufficient; mere negligence is characterized as thoughtlessness, heedlessness, and a lack of due care, whereas wantonness is characterized as an act which cannot exist without a purpose or an intentional act. Lynn Strickland Sales & Service, Inc.
In this case, it is stipulated that the defendant was an uninsured motorist, that he hit Morris’s car from behind while she was stopped in obedience to a traffic sign, and that he then left the scene of the accident. There was, however, no evidence presented at trial to show that the defendant actually intended to collide with Morris or otherwise purposefully cause her injuries. Without evidence of an intentional act or intentional omission of duty by the defendant, there can be no basis for a finding of wantonness. Lynn Strickland Sales & Service, Inc. We therefore find no error in the trial court’s granting of a directed verdict on this issue.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.