INGRAM, Justice.
The single issue raised on appeal is whether this Court should abandon the doctrine of contributory negligence and adopt the doctrine of comparative negligence in this case.
The facts of this case are as follows: Tommy Joe Gore was killed when the 1981 Ford Courier pick-up truck he was driving left the road, flipped, and landed on its roof. Tommy was not wearing his seat-belt.
Sherry Gore, Tommy’s personal representative, brought this action against Ford Motor Company, making a crashworthiness claim under the Alabama Extended Manufacturer’s Liability Doctrine (“ÁEMLD”). Ford answered, raising various defenses, including lack of causation between Ford’s conduct and the injuries suffered by Tommy Gore, a denial that the header was defective, product misuse, and contributory negligence.
At trial, Sherry presented expert testimony concerning a reconstruction of the accident. Sherry’s experts testified that Tommy’s death was caused by a deformation and failure of the roof header, above the steering wheel; they said the defect caused it to buckle and come in contact with Tommy’s head. Ford presented eyewitness testimony at trial to the effect that Tommy’s head was outside the passenger side window during the crash. Also, Ford presented expert testimony that the header was not defective and that Tommy’s death was proximately caused by his failure to wear a seatbelt.
*954 Before trial and again before the trial court’s charge to the jury, Sherry requested that the trial court adopt the doctrine of comparative negligence and abandon the doctrine of contributory negligence. The trial court denied the request. The jury returned a general verdict in favor of Ford.
As stated above, the only issue on appeal is whether this Court should adopt comparative negligence and reverse the jury verdict in favor of Ford, remanding the case for a new trial. We find, however, that Sherry has failed to show prejudice in the jury verdict, even if we assume that the trial court should have charged the jury on comparative negligence.
“No judgment may be reversed or set aside ... unless in the opinion of the court to which the appeal is taken ..., after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected the substantial rights of the parties.” A.R.App.P., Rule 45. The burden of showing prejudice is on the appellant, in this case Sherry Gore. In order to show that she was “probably prejudiced” by the trial court’s failure to instruct the jury on comparative negligence, Sherry must show that the verdict of the jury was probably based upon a finding of contributory negligence.
The record reveals that there were two primary questions of fact for the jury to determine: (1) whether the header was defective; and (2) whether Tommy received his injuries in the manner described by Sherry’s experts — by the buckling of the header on the driver’s side of the truck — or whether his injuries were received in the manner described by Ford’s witnesses — by having his head out of the truck through the passenger’s side window and contacting the ground during the rollover. The fact that Tommy was not wearing his seat-belt was not contested.
Based upon the factual disputes as outlined above, the jury could have returned a verdict in favor of Ford if it found that the header was not defective, or if it found that the header was defective but accepted Ford’s version of the crash sequence. If it accepted Ford’s version of the crash sequence, then the defective header could not have earned Tommy’s death. Tommy’s “contributory negligence” in not wearing a seatbelt, under the particular posture of this case, could not have reasonably been the basis for the jury’s verdict in favor of Ford, because a finding that Tommy’s injuries were caused by his failure to wear a seatbelt would have necessitated a finding that the alleged defective header could not have caused the injuries.
We are unable to conclude that the jury could have found in favor of Ford based upon contributory negligence. Therefore, we affirm the judgment in favor of Ford.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and KENNEDY, JJ„ concur.
HOUSTON, J., concurs specially.
MADDOX, J., concurs in the result.