L. CHARLES WRIGHT, Retired Appellate Judge.
Mattie Codelia Walker and Billy Joe Cork were involved in an automobile accident on January 28, 1990.
On April 20, 1990, Cork filed a complaint in the Circuit Court of Tuscaloosa County against Walker, alleging negligence and wantonness on the part of Walker, which proximately caused his personal injuries and damages (Cork v. Walker). Allstate, Walker’s insurance company, undertook Walker’s defense. On May 17, 1990, counsel retained by Allstate answered Cork’s complaint, denying the allegations and raising contributory negligence as an affirmative defense. On May 21, 1990, counsel retained by Walker filed an answer, which denied Cork’s allegations, raised contributory negligence and assumption of the risk as affirmative defenses, and counterclaimed against Cork for, among other things, negligence and wantonness in the operation of his vehicle, which proximately caused her injuries and damages.
On May 24,1990, Walker filed a separate complaint for uninsured motorist benefits against Allstate in the Circuit Court of Tuscaloosa County, alleging negligence and wantonness on the part of Cork, an uninsured motorist (Walker v. Allstate). On June 27, 1990, Allstate filed a motion to dismiss or to stay Walker’s uninsured motorist claim due to the pendency of the Cork v. Walker action. On the same day Allstate filed a motion to intervene and a proposed answer in the Cork v. Walker action.
In July 1990 Walker filed a motion to consolidate the two actions. The motion was granted the following month.
In May 1991 Allstate filed a third-party complaint against Cork for any amount it might become obligated to pay Walker.
On January 22, 1992, Walker filed a motion to sever her uninsured motorist claim against Allstate from the Cork v. Walker action. The motion was not presented to the court until the day of trial. After argument the motion was denied.
The consolidated cases were tried before a jury from January 27 through January 30, 1992. The jury returned a verdict in favor of Cork and against Walker on his negligence claim, with damages assessed at $984.75; a verdict in favor of Cork and Allstate and against Walker with regard to her counterclaim against Cork and claim for uninsured motorist benefits against Allstate; and a verdict in favor of Cork and against Allstate on its claim against him. Walker appeals.
Walker asserts that the trial court erred in denying her motion to sever the uninsured motorist claim.
The trial court’s decision to sever or separate trials necessarily encompasses broad discretion. Fox v. Hollar Co., 576 So.2d 223 (Ala.1991). When reviewing such a ruling, this court only looks to determine whether the trial court abused its discretion. Fox. This is so because the trial court is in a better position to evaluate the posture of the case and to make determinations concerning the order of trial. Universal Underwriters Ins. Co. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990).
The record reflects that Walker requested that the cases be consolidated. The request was made in July 1990 and was granted in August 1990. Perhaps due *1338 to a change in trial strategy, Walker filed her motion to “sever” on January 22, 1992, some seventeen months after her motion to consolidate was granted and five days before the scheduled trial. The motion was not brought to the trial court’s attention until the morning of the trial. After hearing arguments on the motion, the trial court made the following oral decision:
“Okay. That motion will be denied. The Motion to Consolidate was made by Mr. Renfroe [Walker’s attorney] in July 1990, and granted in August of 1990. Some fifteen or sixteen months have passed since Mr. Renfroe’s motion was granted. I feel that this Motion to Sever filed on January 22nd while I was at a judicial conference, and which was not presented to me until this morning, January 27, is untimely and due to be denied at this time.”
Because Walker initially requested the consolidation and because of the untimeliness of the motion, we find no abuse of discretion in the trial court’s denial of the motion to sever.
Walker asserts that the trial court erred in refusing to grant her motion for mistrial after Cork’s attorney made the following remark:
“Judge, I would like to also get Ms. Walker’s statement from their insurance company, or wherever it comes from. This one is from Allstate. We just would offer them together as a joint exhibit. I think that would be fair.”
Walker insists that the improper interjection of “insurance” into the trial was highly prejudicial and constituted sufficient grounds for a mistrial. She relies on the general proposition that Alabama law disapproves of the introduction of evidence or testimony which tends to show that a defendant is or may be indemnified by an insurance company. Beautilite Co. v. Anthony, 554 So.2d 946 (Ala.1989).
The trial court has much discretion in considering a motion for mistrial. Georgia Casualty & Sur. Co. v. White, 582 So.2d 487 (Ala.1991). This court will not reverse a trial court's denial of a motion for mistrial, based on a party’s improper statement, unless it appears from the entire record that the statement involved was prejudicial to the complaining party, either as to the result or the amount of damages assessed. Georgia Casualty & Sur. Co.
We find no prejudicial effect in this instance. The remark was vague and failed to disclose any prejudicial information to the jury. Cork’s attorney made no mention of Walker’s liability insurance or that she would be indemnified from a judgment against her. The attorney simply made a vague reference to an insurance company. The attorney’s reference to “Allstate” was similarly not prejudicial. A review of the record shows that Walker introduced Cork’s statement to Allstate into evidence. Cork’s attorney was simply asking to see Walker's statement so that the two could be offered as a joint exhibit.
Walker next asserts that the trial court erred in granting a directed verdict on the count of wantonness included in her complaint.
To recover damages for a wanton act, the complaining party must show that the defendant acted with reckless indifference and consciously committed a wrongful act or omitted some known duty, thereby causing the complaining party’s injury. Morris v. Wilson, 600 So.2d 306 (Ala.Civ. App.1992). Evidence of negligence alone is not sufficient; mere negligence is characterized as thoughtlessness, heedlessness, and a lack of due care, whereas wantonness is characterized as an act which cannot exist without a purpose or an intentional act. Morris.
Walker insists that evidence of Cork’s speed and alcohol level supports a reasonable inference of wantonness on the part of Cork. The record reveals that Cork had six or seven beers the night before the accident and only several hours of sleep. On the morning of the accident he drove to a restaurant and ate breakfast. On the return trip the accident occurred. An eyewitness testified that Cork was traveling at a moderate rate of speed when he reached the intersection where the accident occurred. Cork testified that the light in his *1339 direction was green. The eyewitness testified that the light in his and Walker’s direction was red, and that in a “split second” Walker passed his car, entered the intersection, and the two cars collided. Cork’s blood alcohol level, tested after the accident, was .052%.
The evidence remained undisputed that the proximate cause of the accident was Walker’s failure to stop at the intersection. There was no evidence presented at trial to show that Cork’s conduct was such as to indicate a callous disregard of the welfare of others or an awareness that others would likely be injured. Roszell v. Martin, 591 So.2d 511 (Ala.Civ.App.1991). There was no evidence that the consumption of beer the night before contributed to the accident. Without evidence of an intentional act or intentional omission of duty by Cork, there can be no basis for a finding of wantonness. Morris. We find no error in the granting of a directed verdict on the issue of wantonness. In view of the jury’s finding against Walker, any error in removing wantonness against Cork would be without injury.
Walker finally contends that she would be entitled to a new trial if the supreme court, in the pending case of Williams v. Delta Int’l Machinery Corp., adopts the theory of comparative negligence and discards the theory of contributory negligence.
The supreme court has not yet adopted the comparative negligence theory. This court, therefore, must follow the rule as previously declared by the supreme court, i.e., contributory negligence. Gore v. Ford Motor Co., 601 So.2d 953 (Ala.1992). Conjecture as to what the supreme court may do in the future is not appropriate and is unlikely to be productive. We have no indication that a rule change would be applied other than prospectively.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.