**Wanda GORDON, Plaintiff,**

v.

**SCHNEIDER NATIONAL CARRIERS INC., and Everett Lee Medley, Defendants.**

**Civil Action No. 96–D–8–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 4, 1996.

---

Marvin W. Wiggins, Selma, AL, for Plaintiff.

John W. Clark, Jr., Mark A. McWhorter, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the Court is defendants', Schneider National Carriers, Inc. ("defendant Schneider"), and Everett Lee Medley ("defendant Medley"), motion for partial summary judgment, filed July 16, 1996. Plaintiff, Wanda Gordon, filed a response and evidence August 2, 1996. Defendants filed a reply August 14, 1996, as well as a motion to strike affidavits filed by the plaintiff. The plaintiff filed a response to the motion to strike, September 4, 1996, to which defendants replied September 10, 1996. The plaintiff was injured when the car she was driving collided with the tractor-trailer driven by defendant Medley. The plaintiff claims her injuries are the result of defendants' negligence and wanton and reckless conduct. After careful consideration of the evidence in the record, the arguments of counsel, and the relevant case-law, the Court finds that the defendants'

motion for partial summary judgment is due to be granted.

## JURISDICTION

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.; see also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.[1]

## FACTS

On September 12, 1995, the plaintiff was in her car traveling north on County Road 97 in Lowndes County, Alabama. Defendant Medley was driving a tractor trailer for defendant Schneider east on U.S. Highway 80. As defendant Medley crested a small hill above the intersection of County Road 97 and U.S. Highway 80, he saw a sign posting the speed limit at forty miles per hour. The parties dispute whether defendant Medley was ex-

---

**1.** The parties, relying on *Grimsley v. Guccione,* 703 F.Supp. 903 (M.D.Ala.1988) mistakenly assert that Alabama law governs the summary judgment standard. *Grimsley,* stands only for the correct proposition that, in a diversity action, state law controls substantive questions. Of course, federal law is applied to all procedural matters. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

ceeding this speed limit. At the intersection of County Road 97 and U.S. Highway 80 there is a stop sign on County Road 97. The parties dispute whether the plaintiff stopped before proceeding in the intersection. The plaintiff and defendant collided in the intersection and the plaintiff assertedly suffered substantial injuries.

The plaintiff alleges that her injuries are the proximate result of the defendants' negligence and wanton and reckless actions. In her complaint the plaintiff has listed five counts. Count one is an action for simple negligence. In count two, the plaintiff alleges that defendant Medley maliciously and recklessly entered the intersection at an excessive rate of speed. Pl.'s Compl. at ¶ 6. She claims that the tractor trailer was overloaded and that the defendants operated the vehicle in spite of this knowledge. Id. at ¶¶ 7–10. Count four mirrors count two but is directed at defendant Schneider. In count three, the plaintiff claims that defendant Schneider was wanton and reckless in the training and investigation of defendant Medley. Id. at ¶¶ 12–17. Count five is brought against still unnamed fictitious defendants.

The defendants have moved this Court for summary judgment on all counts except count one, simple negligence. Pursuant to the discussion below, the defendants' motion is due to be granted.

## DISCUSSION

■ The dispositive issue in plaintiff's counts two, three and four, is whether there exists a genuine issue of material fact that the defendants acted wantonly or recklessly. Alabama defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala.Code § 6–11–20(b)(3). "Reckless" is defined as "careless, heedless inattentive; indifferent to the consequences ... marked by lack of proper caution: careless of consequence ... having no regard for consequences; uncontrolled; wild." *Berry v. Fife,* 590 So.2d 884, 885 (Ala.1991) (citations omitted).

In *Yamaha Motor Co. v. Thornton,* the Alabama Supreme Court stated:

'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. *Implicit in wanton, willful, or reckless misconduct is an action, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury'* 579 So.2d 619, 623 (Ala.1991) (quoting *Central Alabama Electric Cooperative v. Tapley,* 546 So.2d 371, 379 (Ala.1989) (emphasis in original)). Consciousness is defined as " 'perceiving, apprehending, or noticing with a degree of controlled thought or observation: capable of or marked by thought, will, design, or perception.' " *Berry,* 590 So.2d at 885 (citation omitted).

The Court will first address plaintiff's counts two and four, that defendant Medley, as the agent of defendant Schneider, was wanton and reckless in the operation of the tractor trailer. In her complaint, the plaintiff alleged that the defendants knowingly operated a vehicle exceeding the legal load limit. Pl.'s Compl at ¶¶ 8–10. The defendants have put forth evidence which contravenes this allegation. *See* Aff. of Def. Medley attached to Def.'s Mot. for Partial Summ.J. as Ex. A; Aff. of Franklin Dewayne Skinner attached as Ex. B. The plaintiff has offered no evidence in support of her contention.

■ The defendant has put before the Court evidence which, if uncontradicted, demonstrates the absence of a genuine issue of material fact as to defendant Medley's alleged wanton and reckless operation of the tractor trailer. Defendants' evidence indicates that defendant Medley did not consciously or recklessly disregard the rights or safety of the plaintiff. In his deposition, defendant Medley testified that he had had extensive training in the operation of the tractor trailer (Medley Depo. at 11–22, 24–27, 32–37); that he didn't see the plaintiff's car until immediately before it entered the intersection (Medley Depo. at 69); that he locked his breaks to avoid hitting the plaintiff (Medley Depo. at 69); that he couldn't swerve because of traffic and terrain (Medley Depo. at 69); that he regularly scanned his mirrors and gauges (Medley Depo. at 69, 78–79); that upon seeing a warning sign he downshifted, slowed to a speed of 39–41 M.P.H.,

and that the posted speed was 40 M.P.H. (Medley Depo. at 74–75). Further, the affidavit of Franklin Dewayne Skinner, a truck driver who observed the accident, states that defendant Medley had "broken his speed halfway before he got halfway down the hill." This evidence is such that reasonable people could not find that the defendants acted with conscious or reckless disregard for the safety of others, and thus, is sufficient to shift the burden of production to the plaintiff. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53.

In rebuttal, the plaintiff points to evidence that defendant Medley stated "my eyesights not that good" (Medley Depo. at 86); that defendant Medley drank some coffee a short time before the collision (Medley Depo. at 136); that defendant Medley had been in the area once or twice prior to the accident (Medley Depo. at 66); that defendant Medley watched everything and scanned his mirrors (Medley Depo. at 78–81, 112); that defendant Medley didn't see the plaintiff until she was coming into the intersection (Medley Depo. at 95–96); and that it was a clear day and nothing obstructed defendant Medley's view of the intersection (Medley Depo. at 86–87, 102, 111, 146). The Court finds that this evidence alone is insufficient to meet the plaintiff's burden of production.

▇▇▇▇ Finally, the plaintiff alleges that defendant Medley maliciously and intentionally entered the intersection at an excessive rate of speed. Pl.'s Compl. at ¶ 7. The record evidence which supports this contention includes, the plaintiff's claim that the defendant was going 70 m.p.h. (Aff. of Wanda Gordon at ¶ 4; Gordon Depo., p. 44)[2], and the statements of Jessie and John Gordon that trucks always pass through the intersection at speeds exceeding forty miles per hour (Aff. of Jessie Gordon ¶ 12; Aff. of John Gordon ¶ 10).[3] The Court finds that this

2. Implicitly, the Court finds that defendant's motion to strike the affidavit of Wanda Gordon is due to be denied. Although Wanda Gordon's deposition testimony is somewhat equivocal, it is not inherently inconsistent with the statement made in her affidavit. *See W.C. Lane v. Celotex Corp.*, 782 F.2d 1526, 1531 (11th Cir.1986) (holding that affidavit should not be disregarded unless inherently inconsistent with prior deposition testimony). The defendants are free to explore any alleged inconsistency through cross-examination at trial.

3. The Court finds that, with respect to paragraphs 1, 2, 3, 8, 9, 10, 11, and 12 of John Gordon's affidavit, the defendants' motion to strike is due to be denied. The statements in these paragraphs are all admissible as based on personal knowledge and perception. For the same reasons, the Court finds that with respect to paragraphs 1, 2, 9, 10, 11, and 12 of Jessie Gordon's affidavit, the defendants' motion to strike is due to be denied.

The defendants' motion to strike with respect to all remaining paragraphs in the affidavits of John and Jessie Gordon is due to be granted. Paragraphs 4, 5, 6, and 7 of John Gordon's affidavit and paragraphs 3, 4, 5, 6, 7, and 8 of Jessie Gordon's affidavit are hearsay statements which do not fall within any exception. Paragraph 13 of John Gordon's affidavit is not shown to be based on the personal knowledged of the affiant and is further inadmissible under Rules 701 and 702 of the *Federal Rules of Evidence.* The remaining paragraphs of the affidavits contain conclusory statements based on information and belief and are not competent evidence. *White v. Wells Fargo Guard Services*, 908 F.Supp. 1570 (M.D.Ala.1995).

Further, the Court finds that *without any explanation or analysis*, the police report diagram showing that plaintiff's vehicle traveled one hundred fifty feet after impact is not probative on the issue of defendant Medley's speed.

Finally, the Court finds that the statement of Captain James W. Franklin, that "the [defendant] was moving" is not probative of defendant Medley's speed. Franklin Depo. at 35. When read in the context of the deposition testimony, it is clear that this statement meant nothing more than defendant Medley was literally moving.

Q. It's possible the truck driver could have been speeding and was trying to slow up and that's why the skid marks are there?

Mr. McWhorter: Object to the form.

A. It's possible. I have no idea of the speed. I didn't check the skid marks or anything like that, as far as measurement. . . .

Q. Based on the position of the car after impact, would you say the truck would have been traveling at a rate of speed to cause the car to be knocked that far?

Mr. McWhorter: Object to the form

A. I ain't going to get into them kind of statements because I don't have no idea. I'd have to measure the skid marks. The troopers are the ones that you need for that. But just looking at it, I can't tell you how fast he would have been going.

Q. But based on your experience, would you say it had to have been some rate of speed to knock the vehicle that distance?

Mr. McWhorter: Object to the form.

A. *That's true he had to be moving.* (emphasis added)

Franklin Depo. at 32–35.

evidence raises a genuine issue of material fact as to the speed of defendant Medley. However, "[s]peed alone does not import wantonness, and a violation of the speed law does not of itself amount to wanton misconduct." *Knowles By Harrison v. Poppell,* 545 So.2d 40, 42 (Ala.1989). Therefore, the Court finds that the plaintiff has failed to raise a genuine issue of material fact as to the wanton and reckless conduct alleged in counts two and four, and accordingly, summary judgment is due to be granted on these counts.

■ The Court next addresses plaintiff's count three, that defendant Schneider wantonly and recklessly trained and investigated defendant Medley. Again, the defendants have put evidence in the record sufficient to shift the burden of production to the plaintiff. The defendants' evidence includes, testimony that defendant Medley had not worked as a truck driver prior to working for defendant Schneider (Medley Depo. at 11); testimony that defendant Medley was honorably discharged from the Army after eleven and a half years of service (Medley Depo. at 8); testimony that defendant Medley had never received a traffic citation prior to being employed by defendant Schneider (Medley Depo. at 57); and testimony that defendant Medley had undergone extensive training (Medley Depo. at 11–22, 24, 27–28, 32–33). The plaintiff has offered no evidence in rebuttal. Therefore, the Court finds that the defendants' motion for summary judgment with respect to count two is due to be granted.

■ Finally, the Court addresses the defendants' claim that punitive damages are improper as a matter of law. Alabama law provides:

> Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6–5–391 and 6–5–410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Ala.Code § 6–11–20(a). Pursuant to the foregoing discussion, the Court finds that is no clear and convincing evidence sufficient to sustain a claim for punitive damages. Therefore, to the extent that plaintiff's count one seeks recovery of punitive damages, it is due to be stricken.

### ORDER

Accordingly, and pursuant to the foregoing discussion, it is CONSIDERED and ORDERED that defendants', Schneider National Carriers, Inc., and Everett Lee Medley, motion for partial summary judgment on plaintiff, Wanda Gordon's, claims for recovery under Counts two, three, and four of her complaint, be and the same, is hereby GRANTED.

It is further CONSIDERED and ORDERED that plaintiff, Wanda Gordon's claim for punitive damages pursuant to Count one of her complaint, be and the same, is hereby STRICKEN.