Walker brought suit individually and as next friend for injuries suffered by his daughter, Lisa, when she fell from and was run over by a flat-bed trailer being used for a hayride. The trial court granted verdicts for the defendant on all but one count of the complaint. We reverse and remand.
Thirteen year old Lisa and 15-25 other children were participants in a hayride held by Garris for a church youth group. For the hayride, Garris provided a flat-bed trailer 16'7" long, 7'6" wide, and 26" off the ground. Bales of hay were placed down the center of the trailer with the children sitting around them towards the edge of the trailer. There were no fenders over the trailer's wheels, and there were no sides, railings, or handholds. Garris, accompanied by another adult, pulled the trailer with his pick-up down a dirt road and then down a county road where the accident occurred.
It was disputed what instructions, if any, were given the children about riding safely on the trailer before the hayride began. No adults were on the trailer with the children during the hayride. There was testimony that some of the children at various times were dangling their feet over the edge and jumping on and off the trailer as it moved at a slow speed. Neither were they observed nor instructed to stop by the adults, who remained in the pick-up until the accident occurred. It was never clear, exactly, how the accident occurred, except that Lisa somehow got off the trailer and was run over by it.
Plaintiff's amended complaint alleged four claims for relief: (1) negligent operation of a motor vehicle; (2) wanton operation of a motor vehicle; (3) "negligently conducting the hayride so as cause, allow or permit plaintiff to fall off and be run over;" and (4) wantonly conducting the hayride. Garris raised the guest statute as one of his defenses. At the close of plaintiffs' case defendant's motion for a directed verdict was granted as to the negligent operation count, the "negligently conducting the hayride" count, and the "wantonly conducting the hayride" count. The jury received the case on a theory of wanton operation of a motor vehicle only and, after a dynamite charge, returned a verdict for Garris. Plaintiffs' motion for new trial, which was denied, asserted as error the directed verdicts on the two negligence counts. The trial court, apparently, held *Page 279 
that these were both barred by the guest statute. On appeal, we are confronted with two questions: (1) whether our guest statute can be applied to bar recovery by a child of thirteen years, and (2) whether the guest statute is applicable at all to a count for "negligently conducting a hayride."
THE GUEST STATUTE
Our guest statute, § 32-1-2, Code 1975, provides:
 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."
This Court has never before considered the effect of this statute upon minors in general. Several of our cases have properly applied the statute against minors over the age of fourteen. See e.g. Boggs v. Turner, 277 Ala. 157, 168 So.2d 1
(1964); Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954). But since "the relationship between the host and guest is consensual in nature and involves some acceptance by the guest of the relationship and its attendant hazards," Crovo v. AetnaCasualty and Surety Co., 336 So.2d 1083 (Ala. 1976), we are now urged to hold that whether or not children under the age of fourteen are subject to the guest statute is to be determined by the jury based on the individual child's capacity to consent.
We agree with plaintiffs that this construction of the statute is the better one. As pointed out in Green v. Jones,136 Colo. 512, 319 P.2d 1083 (1958), the guest statute is in derogation of the common law and as such should be strictly construed. We have emphasized before the consensual nature of the statute, and the need for the potential guest to be able to accept, and appreciate the possible hazards that may arise from a given situation. Crovo, supra. Misrepresentations on the part of the driver may nullify the relationship, just as a "guest's" protests may convert him into a passenger. Crovo, supra. Thus consent, and, therefore the ability to consent, is a major factor in the operation of the guest statute, even though individuals generally give no thought to the statute's effect when they ride in another's car.
We hold that the applicability of the guest statute to a child under fourteen is a jury question.
Thus it was for the jury to decide whether or not Lisa was capable of consenting to be a guest within the meaning of §32-1-2. Plaintiffs' first count for negligent operation of a motor vehicle should have been allowed to go to the jury with proper instructions.
NEGLIGENT SUPERVISION
It appears that the trial court found that the guest statute was applicable to the third count of plaintiffs' complaint as well. We disagree. That count stated in pertinent part:
 "1. The Plaintiffs allege that on September 13, 1975 the Defendants were operating a motor vehicle on or along the Carson Road . . . at said time and place the Defendants were pulling behind said motor vehicle a wagon or trailer on which said wagon or trailer a large number of minor children were riding on a hay ride, and the Plaintiffs allege that at said time and place the Plaintiff, Lisa Walker, the minor daughter of the Plaintiff, L.A. Walker, was riding on said wagon or trailer which was being pulled behind the vehicle being operated by the Defendants.
 "2. The Plaintiffs allege that Defendants so negligently conducted said hay ride on said highway at said time and place so as to cause, allow or permit the Plaintiff, Lisa Walker, to fall off of and be run over by said wagon or trailer."
These allegations are sufficient to state a claim for relief under Standifer v. *Page 280 Pate, 291 Ala. 434, 282 So.2d 261 (1973). In that case we held that a volunteer babysitter on her own premises owed a duty of due care in supervising a child under her care and control, thereby overruling Nelson v. Gatlin, 288 Ala. 151,258 So.2d 730 (1972). In Standifer we noted that the gist of the action is negligent supervision. When an individual undertakes the control and supervision of a child, reasonable care must be exercised to protect that child from injury, irrespective of compensation. Garris was under no obligation to hold a hayride for these children, but once he undertook to do so he was under a duty to conduct the hayride properly by providing a suitable conveyance for the hayride and by controlling and supervising the children so as to protect them from injury. The guest statute is inapplicable to a claim for negligent supervision of children even though the instrumentality which inflicted the harm may have been a "motor vehicle." The duty is to supervise the children properly, and an individual should not be allowed to escape liability simply because the child is injured by a motor vehicle rather than a hot pan of grease as in Standifer.
Sufficient evidence was presented for a jury to find that Garris was negligent in the manner in which he conducted the hayride. Consequently, the jury should have received the case on the third count of plaintiffs' complaint as well as the first count.
REVERSED AND REMANDED.
BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., concurs specially, with whom TORBERT, C.J., concurs.