Patrick L. RIVERS and Belinda
Rae Autin Rivers

v.

INTERNATIONAL MATEX TANK
TERMINAL, et al.

Civ.A. No. 94–2379.

United States District Court,
E.D. Louisiana.

Sept. 21, 1994.

J.J. (Jerry) McKernan, McKernan, Friedman & Gold, Baton Rouge, LA, George John Nalley, Jr., Piper Dinita Griffin, David Allen Parsiola, George J. Nalley, Jr., Metairie, LA, Robert Charles Arledge, Arledge & LeBlanc, Baton Rouge, LA, for Patrick L. Rivers, Belinda Rae Autin Rivers.

Elizabeth Sirgo, Hailey, McNamara, et al., Metairie, LA, for Travelers Ins. Co.

James Julian Coleman, Sr., Peggy Wallace, Richard Blaise Jurisich, Jr., Coleman, Johnson & Artigues, New Orleans, LA, for International Matex Tank Terminal, Tommy Coleman and Brook deBuys.

Kenneth Ray Spears, Jones, Tete, et al., Lake Charles, LA, for Chevron USA Inc., Gulf Oil Corp.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

### Background

While employed at the International Matex Tank Terminal, it is claimed that Patrick Rivers was exposed to various toxic and carcinogenic chemicals. As a result, he is said to have developed acute myelogenous leu-

kemia, the disease that eventually led to his death.

On August 13, 1993 Patrick Rivers, now deceased, and his wife Belinda filed suit in state court against Chevron, USA, Inc., Gulf Oil Corporation, International Matex Tank Terminal, and two in-state defendants, Tommy Coleman and Brook deBuys. Almost a year later, on July 20, 1994, defendants removed the suit to this Court, claiming that Coleman and deBuys were fraudulently joined to defeat diversity jurisdiction. Defendants claim they first ascertained the removability of this suit when they took Belinda Rivers' deposition on June 21, 1994. They thus assert that the thirty day filing requirement of § 1446(b) had not yet expired when they filed their removal notice on July 20. Plaintiffs seek remand on the grounds that this Court lacks removal jurisdiction because defendants' removal was untimely under § 1446(b), or also that complete diversity does not exist, notwithstanding defendants' claim of fraudulent joinder.

## I. *The Debate About Timeliness:*
## *What Constitutes an "Other Paper?"*

■ When a plaintiff challenges the propriety of a defendant's removal, the defendant has the burden of showing the necessary facts to support the Court's exercise of removal jurisdiction. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). It is important to remember that any ambiguities are construed against removal, *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979), because the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Plaintiff initially challenges removal with the argument that defendants' removal notice was untimely. Under 28 U.S.C. § 1446 a notice of removal should be filed within thirty days after defendants' receipt of the initial complaint. However,

[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b) (emphasis added). The failure to file for removal within the thirty day period is fatal under 28 U.S.C. § 1447(c) and requires remand. *York*, 712 F.Supp. at 87; *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986).

■ Plaintiff asserts that defendants' July 20, 1994 removal notice was untimely because the defendants were served with plaintiff's complaint not later than September 3, 1993 and they had thirty days from that date, at the latest, within which to remove. Defendants counter that the time within which they were required to file for removal did not start until the deposition of Mrs. Rivers on June 21, 1994, the date on which they claim to have first learned of the removability of this suit.[1]

The dispute as to timeliness centers on the question of whether a deposition constitutes an "other paper" from which to measure the thirty day filing period within the meaning of § 1446(b).

This issue is a novel one in the Eastern District and the Fifth Circuit. In fact, no United States Court of Appeals has as yet addressed this specific question. District courts have differed dramatically. A number of district courts across the country have held that a deposition is an "other paper" for removal purposes. *See Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D.Cal. 1988) (deposition disclosing plaintiff's union status was an "other paper"); *Brooks v. Solomon Co.*, 542 F.Supp.1229 (N.D.Ala.1982) (plaintiff's deposition disclosing that damaging statements were uttered during grievance proceedings conducted pursuant to a collective bargaining agreement was an "other paper"); *see also Ezon v. Cornwall Equities, Ltd.*, 540 F.Supp. 885 (S.D.Tex.1982); *Fuqua v. Gulf, Colorado & Sante Fe Ry. Co.*,

---

1. Defendants say that it was not until the June 21 deposition that they realized "that plaintiff has

no evidence or facts to support" her intentional tort claims against Coleman and deBuys.

206 F.Supp. 814 (E.D.Okla.1962) (defendant's deposition constituted "other paper" giving rise to right to remove because it revealed he owed plaintiff no duty); *Gilardi v. Atchison T. & S.F. Ry. Co.*, 189 F.Supp. 82 (N.D.Ill. 1960). Defendants also point to a decision in the Western District of Louisiana in which the court held that plaintiff's answers to interrogatories constituted other papers from which it could first be ascertained that the case was removable. *Demette v. Wal–Mart Stores, Inc.*, No. 90–02378, slip op. at 3 (W.D.La. Apr. 9, 1991).[2]

Defendants cannot point to and the Court has not found any Fifth Circuit or Eastern District case holding that a deposition or other similar discovery mechanism constitutes an "other paper" under § 1446(b). Other circuit courts that have confronted related questions, though not this specific one, have expressed their disinclination to hold that a deposition constitutes an "other paper" that would give notice of removability. *See Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir.1993) (removal not justified based solely on cleverly elicited deposition testimony of plaintiff about alternative reasons for his discharge that could be preempted by ERISA); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir.1979) (deposition testimony that is reluctant and evasive is involuntary and does not constitute notice of removability). Several other district courts have rejected the premise that a deposition is within the conceptual reach of § 1446(b). *See Campos v. Housland, Inc.*, 824 F.Supp. 100, 102 (S.D.Tex.1993) (deposition of plaintiff was not an "other paper" for purposes of removal statute because involuntary); *Fillmore v. Bank of America, N.T. & S.A.*, 1991 WL 523838, at *4 (C.D.Cal.1991) (the court expressed lack of support for decisions that recognized a deposition as an "other paper"); *Harrell v. Reynolds Metals Co.*, 599 F.Supp. 966, 968, 970 (N.D.Ala.1985) (de-

position taken by defense does not constitute an "other paper" and was not voluntary act permitting removal); *Bonnell v. Seaboard Air Line R.R. Co.*, 202 F.Supp. 53, 55 (N.D.Fla.1962) (physician's deposition not considered notice that started the running of the removal period).

The only guidance one finds in the Fifth Circuit is that court's stance regarding the voluntariness of acts that could give rise to a defendant's ability to remove. The focus on voluntariness seems to hold the doctrinal clue. The Fifth Circuit has maintained that "a case that was not removable at the time of the plaintiff's initial pleading may only become removable under 28 U.S.C. § 1446(b) 'pursuant to a voluntary act of the plaintiff....'" *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967). Here, defendants' deposition of plaintiff, elicited by professional questioning, resulted in what substantively was a conclusory statement; the factual basis for the response was not within plaintiff's complete personal knowledge, and certainly cannot be considered to have been voluntary. Although claimants are generally charged with knowledge of the facts that anchor their claims, Mrs. Rivers' claim stems from injuries incurred by a third party, her husband, that were caused by events independent of and to her.[3] The statement of a witness made in a discovery context could well be useful in the trial setting, but not necessarily in an inquiry about jurisdiction.

Considering the rather unclear and inconclusive case literature on this issue, the Court finds in this case that Mrs. Rivers' deposition does not constitute an "other paper" under § 1446(b) because it was not a truly voluntary act, it was not a definitive statement of the plaintiff's evidence or lack thereof, and it did not rise to the level of certainty that is required for defendants to carry their burden of showing the propriety

---

**2.** *Demette* is distinguishable because the removability of that case turned on the clear and easily ascertained question of whether the amount in controversy exceeded $50,000. Moreover, the interrogatory requesting that information was propounded within 15 days, rather than a year after the defendant was served with plaintiff's complaint.

**3.** If defendants believed that plaintiff had no factual support for the intentional tort allegations against Coleman and deBuys, their appropriate remedy was to seek summary judgment in state court. *See Campos v. Housland, Inc.*, 824 F.Supp. 100, 101 (S.D.Tex.1993); *Harrell v. Reynolds Metals Co.*, 599 F.Supp. 966, 967–68 (N.D.Ala.1985).

of removal. Defendants' removal notice was untimely under § 1446(b). That is the message of the doctrine of voluntariness that seems to be the judicial gloss on the statute.

## II. *The Presence of Diversity:*
### *Has There Been a Fraudulent Joinder?*

■ In the Fifth Circuit, the standards for determining fraudulent joinder of in-state defendants are well-established. The removing defendants carry the burden of showing "either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original) (footnote omitted). Fraudulent pleading does not seem to be the issue here. Fraudulent joinder is the issue. Defendants' burden is a heavy one because "fraudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." *Doe v. Cutter Biological*, 774 F.Supp. 1001, 1003 (E.D.La.1991). Moreover, the Court must resolve all disputed questions of substantive fact and all ambiguities in applicable state law in plaintiff's favor. *Id.* Although *B., Inc.* permits a summary judgment-type inquiry in determining the issue of removal jurisdiction, courts are cautioned against predicting the outcome of the case under scrutiny, *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990), because the test is whether plaintiff has stated an articulable claim for relief, not whether plaintiff's claim is likely to succeed on the merits. *Cutter Biological*, 774 F.Supp. at 1003.

In this case, defendants charge that in an attempt to evade the exclusive nature of Louisiana's Workers Compensation Act and defeat diversity jurisdiction, plaintiff alleged that the in-state defendants Coleman and deBuys committed intentional acts that caused Patrick Rivers' illness.[4] It is true that the remedies afforded by Louisiana's Worker's Compensation Act to an employee who is injured during the scope of his employment are usually exclusive. *See* La.Rev. Stat.Ann. § 23:1032 (West Supp.1994). However, the Act does not apply to injuries that were caused by intentional torts. *Id.* To prove an intentional tort, Louisiana law requires that the plaintiff must establish that "the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." *Bazley v. Tortorich*, 397 So.2d 475, 482 (La.1981). Defendants argue that because Mrs. Rivers stated in her deposition that she personally knew of nothing that Coleman or deBuys did to cause her husband's illness, there is no evidence that supports plaintiff's intentional tort claims against these defendants, and thus the in-state defendants were fraudulently joined. The Court disagrees.

Although through the subtle interrogation of defense counsel Mrs. Rivers admitted that, at that time, she personally knew of no evidence supporting these claims, one must note that discovery was not and is not yet complete. Her testimony, for jurisdiction purposes, is meaningless. Defendants misconstrue their burden in proving fraudulent joinder. Reliance on the single statement of one who cannot be charged with complete personal knowledge of the events giving rise to the lawsuit's claims falls far short of showing by clear and convincing evidence that plaintiff can state no viable claim for relief against Coleman and deBuys.[5] This Court simply cannot conclude on the basis of Mrs. Rivers' deposition that plaintiff has no possibility of establishing a cause of action for an intentional tort against the in-state defendants. What the Court can conclude, however, is that the plaintiff's complaint articulates alle-

---

**4.** Plaintiff's state court petition alleges on a variety of grounds that Coleman and deBuys intentionally failed to provide Patrick Rivers with a safe working environment and that such intentional acts were contributing causes of Rivers' illness. (Pls.' Pet. ¶ 35). If this is a misstatement, then ethical transgressions might have occurred for which other avenues of relief are available.

**5.** Until discovery is complete, Mrs. Rivers could not reasonably be expected to know of all events that occurred during the course of her husband's employment. Because her husband has died since the filing of this suit, the only means by which Mrs. Rivers can learn of the underlying facts is through discovery.

gations that are recognized as actionable under Louisiana law. As such, the Court finds no fraudulent joinder and, therefore, lacks diversity jurisdiction.

III. *Costs, Expenses, and Attorney Fees*

Plaintiff asks this Court to award attorney fees and costs incurred as a result of defendants' improvident removal. Under 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This Court has the discretion to make such an award. *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993). However, in order to award attorney fees the Court must find that the defendant acted improperly, taking into account such things as the state of the law and defendants' tactics. *Id.* at 928. Because defendants' removal rests on a colorable claim for the extension of law, indeed, a conflicting claim about what is the law, the Court denies the request for attorney fees. However, § 1447(c) instructs that a defendant may also be made responsible for only the costs associated with removal.

Accordingly, plaintiff's motion to remand is GRANTED and defendants are ordered to bear the costs of this proceeding.