RICHARD L. HOLMES, Retired Appellate Judge.
Nelda Lucille Woodall appeals from a summary judgment in favor of Castner-Knott Dry Goods Company, Inc. (Store). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: On November 80, 1991, Woodall and her adult daughter, Peggy Castile, were shopping at the Store’s “After Thanksgiving Sale.” Two boys, who appeared to be approximately five and ten years of age, were running in the aisles of the Store. The older boy ran into Woodall, causing her to fall under a counter. Woodall suffered a broken hip as a result of the fall.
Woodall filed a complaint, alleging that a Store security guard was in the area where the boys were running and that the security guard made no reasonable effort to stop the boys from running. Woodall alleged that the Store was guilty of negligent and/or wanton behavior in failing to take reasonable and appropriate measures to protect Woodall from injury. Woodall requested that she be awarded damages to compensate her for her injuries.
The Store filed an answer. Thereafter, the Store filed a summary judgment motion, along with a brief in support of the motion, the depositions of Woodall and Castile, and the affidavit of Steve McDonald, the Store’s security guard.
Woodall filed a response in opposition to the summary judgment motion, along with copies of the newspaper advertisements for the “After Thanksgiving Sale,” and the affidavit of Ed Todd, the Store’s manager at the time of the incident.
After a hearing the trial court issued an order, granting the summary judgment motion in favor of the Store.
Woodall appeals.
Woodall contends that the trial court committed reversible error when it granted the summary judgment motion in favor of the Store because, she says, a genuine issue of a material fact existed and the Store was not entitled to a judgment as a matter of law.
Rule 56(c), Ala.R.Civ.P., provides that summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving parly to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
Both Woodall and the Store focus their arguments, both at the trial court level and at the appellate level, on what duty, if any, the Store owed to Woodall in the present case.
The Store argues that while it has the duty to exercise reasonable care to protect a business invitee such as Woodall, it is not the insurer of the safety of Woodall against the acts of third persons. See Howell v. Cook, 576 So.2d 227 (Ala.1991).
Woodall relies upon our supreme court’s statement in F.W. Woolworth v. Kirby, 293 Ala. 248, 252-53, 302 So.2d 67, 71 (1974):
“This court holds that when a proprietor or storekeeper causes a crowd of people to assemble pursuant to a promotional activity, then that person owes a duty to exercise reasonable care commensurate with foreseeable danger or injury to protect those assembled from injuries resulting *771 from the pressure, pushing, shoving, jostling or other activities of the crowd or individuals within the crowd; that the foreseeability of danger or injury under such circumstances is for jury determination; and that reasonable care commensurate with the foreseeability of danger or injury may require greater precautions when children or the elderly are present.”
Woodall argues that the “After Thanksgiving Sale” was one of the biggest sale promotional events for the Store and that the Store should have taken precautions to prevent injury to Woodall from the actions of third persons.
The facts of the present case can be distinguished from the facts of Kirby, 293 Ala. 248, 302 So.2d 67. Kirby involved a passing airplane that released ping-pong balls over the rear parking lot of Woolco. Each ball contained a certificate that entitled the finder to a prize, ranging from a color television and a stereo to ice cream cones. Kirby was injured when she was knocked down and trampled by the crowd which had gathered in the parking lot for the event.
Our review of the record does not reveal that there was anything about the Store’s “After Thanksgiving Sale” — such as a ping-pong ball drop for prizes — which would have caused the boys to run. Consequently, we do not find that, as suggested by Woodall, the Store was required to have more uniformed security personnel present to provide for the safety and welfare of its older customers like Woodall while the “After Thanksgiving Sale” was in progress.
However, we do find that a genuine issue of a material fact existed in the present case. Although we have determined that the Store was not required to have more uniformed security personnel present during its “After Thanksgiving Sale” to provide for the safety of its older customers like Woodall, the record reveals that one of the Store’s uniformed security guards was present when the incident occurred.
In her deposition Peggy Castile testified that one of the Store’s security guards was standing about four or five steps away from the counter and that he was close enough to have seen the boys running and to have called out for them to stop running in the store. In his affidavit McDonald, the security guard, stated that he did not see anyone running in the Store prior to the incident and that he did not see a boy run into Woodall.
In Great Atlantic & Pacific Tea Co. v. Keltner, 29 Ala.App. 5, 191 So. 633, cert denied, 238 Ala. 462, 191 So. 640 (1939), the appellate court determined that a premises owner is not liable to an invitee for the conduct of third persons unless the owner knew or should have known from circumstances at the time that preventative measures were needed to protect the invitee. The appellate court further stated in Keltner, 29 Ala.App. at 8,191 So. at 635:
“Not only this, but the owner of the premises must have the present ability to furnish protection, or realizing the danger, and lacking the ability to furnish protection, if such invitee was unaware of his impending peril, he should warn the invitee of the danger, so that the latter might take steps to avoid injury.”
In view of the above, in the present case we find that there existed a genuine issue of a material fact regarding whether the Store’s security guard either saw, or should have seen, the boys running, which would have required that the security guard take action to protect Woodall.
Additionally, we would note that summary judgment is rarely appropriate in negligence and personal injury cases. Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986).
In light of the above, the judgment of the trial court is due to be reversed and the cause remanded to the trial court for proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.