**Sue C. PRITCHARD, Plaintiff,**

v.

**HANCOCK FABRICS, INC.; Hancock Textile Co., Inc.; et al., Defendants.**

**No. CV 02–BU–507–S.**

United States District Court,
N.D. Alabama,
Southern Division.

April 23, 2002.

---

William S. Pritchard, III, William S. Pritchard, Jr., Pritchard McCall & Jones, Birmingham, AL, for Plaintiff.

H. L. Ferguson, Jr., Ferguson Frost & Dodson, LLP, Birmingham, AL, for Defendants.

Memorandum Opinion & Order

BUTTRAM, District Judge.

Now before the Court in the above-styled action is a motion filed on April 4, 2002, by Plaintiff Sue C. Pritchard to remand the case to the Circuit Court of Jefferson County, Alabama, from whence it was removed. (Doc. 9). Plaintiff contemporaneously filed a memorandum brief in support of her motion. (Doc. 10). Defendants Hancock Fabrics, Inc. ("Hancock") and Thomas Goolsby have filed a response in opposition to Plaintiff's motion, which includes an affidavit sworn by Goolsby. (Doc. 11). Upon consideration, the Court concludes that Plaintiff's motion to remand is due to be **GRANTED.**

Pritchard alleges that she was attacked and robbed in the parking lot of a retail business operated by Hancock. In relevant part, she brings claims alleging that Hancock and Goolsby, a security guard then working on the premises of the store, are liable for allegedly negligently failing to provide her reasonable protection and negligently failing to intervene to stop the attack. In her instant motion, she argues that the Court must remand the action pursuant to 28 U.S.C. § 1447(c) because it lacks subject matter jurisdiction. More specifically, she contends that there is no federal question involved and there is not complete diversity as required under 28 U.S.C. § 1332 because both she and Goolsby are Alabama citizens. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). Hancock, responds by arguing, however, that Goolsby has been fraudulently joined, so his citizenship may be disregarded, and the Court may exercise jurisdiction. *See Thomas v. Jim Walter Homes, Inc.,* 918 F.Supp. 1498, 1501 (M.D.Ala.1996).

" 'In a removal case alleging fraudulent joinder, the removing party has the

burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998) (quoting *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997)). Here, Hancock argues only that Pritchard cannot establish a cause of action under Alabama law against Goolsby individually. In support, Hancock relies heavily upon Goolsby's affidavit, wherein he claims that he was keeping watch in the rear of the store's interior and was paged over the intercom to report to the parking lot. He further claims that he proceeded forthwith to the lot, but by the time he arrived the attack was over and Pritchard was being attended to by a sheriff's deputy.

■ The Court readily acknowledges that if the allegations in Goolsby's affidavit are true, then Pritchard will be unable to prevail against him on a negligence claim. However, a plaintiff need not have a winning case against the allegedly fraudulent defendant in order for the joinder to be deemed legitimate. *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir.2001). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly, with all doubt about jurisdiction to be resolved in favor of remand to state court. *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999). Thus, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir.1983)), superceded by statute on other grounds as stated in

*Wilson v. General Motors Corp.,* 888 F.2d 779 (11th Cir.1989).

■ When determining whether the case should be remanded, a district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor. *Pacheco de Perez,* 139 F.3d at 1380. While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b), the jurisdictional inquiry must not subsume substantive determination. *Crowe,* 113 F.3d at 1538. "In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Id.* at 1542. Thus, the plaintiff seeking a remand need not show that he could survive a motion for summary judgment filed by the non-diverse defendant. *Id.* Rather, it only need appear from the complaint and the supplemental evidence offered that the plaintiff has presented an "arguable" claim against that defendant. *Id.* at 1541–42.

■ In her pleadings, Pritchard alleges simply that, while on duty as a security guard on Hancock's premises on September 6, 2001, Goolsby negligently failed to protect her and negligently failed to intervene to stop the attack. Pritchard does not further elucidate her version of the specific facts relating to Goolsby's alleged knowledge or omissions. Nonetheless, the Court determines that her complaint presents an arguable claim against Goolsby for purposes of determining whether his joinder is fraudulent. It is at least possible that, given an opportunity for full discovery, Pritchard might uncover evidence contradicting Goolsby's version of his role in events and indicating that he knew or should have known that the attack on Hancock's premises was occurring or was an

imminent probability and that he failed to take reasonable action to intervene or otherwise protect Pritchard from physical harm. Such would be sufficient for negligence liability to attach against Goolsby. *See e.g., Whataburger, Inc. v. Rockwell,* 706 So.2d 1220, 1223 (Ala.Civ.App.), cert. denied 706 So.2d 1230 (Ala.1997); *Woodall v. Castner–Knott Dry Goods Co., Inc.,* 673 So.2d 769, 771 (Ala.Civ.App.1995). While it might appear that Pritchard's claim against Goolsby is quite weak, the Court concludes that it has not been asserted fraudulently. Therefore, the Court determines that there is not complete diversity of citizenship, and subject matter jurisdiction is lacking.

Based on the foregoing, Pritchard's motion to remand (Doc. 9) is **GRANTED.** The Court **ORDERS** that this action is hereby REMANDED to the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. § 1447(c).