Carrie FITTS, etc. Plaintiff,

v.

Eddie GRIFFIN, Jr., et al., Defendants.

No. CIV.A.03–A–759–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 9, 2004.

D. Bruce Petway, Lucas Wash Petway Tucker & Stephens, PC, Birmingham, AL, Taylor T. Perry, Jr., Manley, Traeger, Perry & Stapp, Demopolis, AL, Kyra L. Sparks, Selma, AL, for Plaintiff.

William Maurice Pompey, Pompey & Pompey, P.C., Camden, AL, Stanley A. Cash, Huie, Fernambucq & Stewart, Turner B. Williams, Dawn Smith Carre, Sadler & Sullivan, PC, Birmingham, AL, Charles A. Stewart, III, Bradley Arant Rose & White, LLP, George R. Parker, Bradley Arant Rose & White LLP, Alabama Center for Commerce, Montgomery, AL, for Defendants.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion to Remand (Doc. # 17), filed by the Plaintiff on August 19, 2003. The Plaintiff, Carrie Fitts, the personal representative of the Estate of Johnny Fitts, who is deceased, originally filed a Complaint in the Circuit Court of Lowndes County, Alabama on June 30, 2003. The Plaintiff brings state law claims for negligence and/or wantonness against the Defendant Eddie Griffin, Jr. (Count I) and claims of negligence and wantonness (Count II) and pursuant to the Alabama Extended Manufacturer's Liability Doctrine (Count III) against the Defendants TBC Corporation, Cooper Tire & Rubber Company,[1] the Kelly–Springfield Tire Corporation, Carroll's Inc. d/b/a/ Carroll Tire Company, Inc., and Michelin North America, Inc.

The Goodyear Tire & Rubber Company, which states that it was improperly designated in the Complaint as "The Kelly–Springfield Corporation" filed a notice of removal (Doc. # 1)[2] in this court on July

---

1. This court GRANTED the Motion to Dismiss Cooper Tire & Rubber Company (Doc. # 9) as a party Defendant, with prejudice.

2. The other Defendants, excluding Mr. Griffin, have joined in and consent to this removal. Michelin North America, Inc. (Doc. # 6); TBC Corporation and Carroll's Inc. d/b/a/ Carroll Tire Company, Inc. (Doc. # 12).

21, 2003, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. The Defendants[3] argue that even though Eugene Griffin, Jr.[4] is a citizen of the State of Alabama, there is complete diversity of parties because Griffin was fraudulently joined.

The Plaintiffs subsequently filed a Motion to Remand the case to state court. The Plaintiffs argue that their Complaint states claims against Griffin, and because Griffin is a resident of Alabama, there is not complete diversity of the parties.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *FACTS*

The facts, as they pertain to the Motion to Remand, are as follows:

Johnny Fitts died on July 1, 2001, as a result of a one vehicle accident that occurred in Lowndes County, Alabama. He was a passenger in a 1990 Ford Aerostar van being driven by Eugene Griffin, Jr. Eugene Griffin, Sr. states that on the day of the accident he was riding with his son, who was returning to school at Alabama State University in Montgomery, Alabama. He invited Fitts, a friend of his, to ride with them. Because of "some family problems [he] was having, ... [Fitts, who did not pay for the trip,] volunteered to accompany [them] to Montgomery for no reason other than just to ride along for the company." Affidavit of Eugene Griffin, Sr. attached to Defendants' Opposition. Eugene Griffin, Sr., who fell asleep shortly after they got into the vehicle, asserts that "Fitts walked to the vehicle and got into the van on his own." *Id.* The toxicology analysis conducted by the Alabama Department of Forensic Sciences shows that Fitts, at the time of his death, had a .322% level of ethyl alcohol in his blood and .363% in his vitreous humor. The Plaintiff asserts that Fitts' blood alcohol level was even higher when he entered the vehicle. Plaintiff's Brief in Support at 18.

Alabama State Trooper Steven J. Jarrett was dispatched to an accident scene that occurred on U.S. Highway 80 near Mile Post 115 at approximately 3:40 p.m.

**3.** The other Defendants, excluding Mr. Griffin, have adopted the Goodyear Tire & Rubber Response to this Court's Show Cause Order and Opposition to the Plaintiff's Motion to Remand. (hereinafter "Defendants' Opposition"). Michelin North America, Inc. (Doc. # 27); TBC Corporation and Carroll's Inc. d/b/a/ Carroll Tire Company, Inc. (Doc. # 28).

**4.** The Defendants state that the actual name of the Alabama resident Defendant is Eugene

Griffin, Jr., not Eddie Griffin, Jr. as set forth by the Plaintiff, who has not definitely determined whether the Defendant's name is Eddie or Eugene Griffin. Regardless, the Plaintiff indicates, and there is no apparent dispute on this point, that "it is clear that the parties are referring to the same person." Plaintiff's Reply Brief in Support of Her Motion for Summary Judgment at 1 n. 1.

on July 1, 2001. Trooper Jarrett administered a breathalyzer test to the driver, Eugene Griffin, Jr. The results revealed no presence of alcohol, and the driver was not cited for any traffic violations at the scene of the accident.

## IV. *DISCUSSION*

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979)[5]; *see also Thomas v. Jim Walter Homes, Inc.,* 918 F.Supp. 1498 (M.D.Ala.1996).

■ The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined:

the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir.1998). If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 407 (M.D.Ala. 1995).

■ The burden of proving fraudulent joinder rests with the Defendants as the removing parties. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *see also Bolling,* 900 F.Supp. at 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe,* 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff...." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). The court must, "if there is even a possibility that state court would find that the complaint states a cause of action against any ... resident defendant, ... find that join-

---

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

der was proper and remand case to state court." *Crowe,* 113 F.3d at 1538.

The Plaintiff raises two claims against Eugene Griffin, Jr. one for negligence, and a second, for wantonness. In considering whether this case should be remanded, many of the issues implicated by these two claims, though related, are distinct. Consequently, the court considers the claims separately. The court, however, notes that either claim could be sufficient to warrant remanding the case to state court.

### A. Negligence

The Defendant argues that there is no possibility that an Alabama state court would find that the Plaintiff's Complaint states a cause of action against Eugene Griffin, Jr. for negligence because "the Alabama Guest Statute mandates a ***complete bar*** for negligence actions against a driver/operator of vehicle for injuries sustained by a passenger." Defendants' Opposition at 3. The Plaintiff, however, does not argue that negligence suits against a driver by a guest are permissible. Rather, the Plaintiff argues that Fitts, under Alabama law, was not a guest; consequently, the Guest Statute would not protect Griffin from a negligence claim.

Under Alabama law, it is well settled that "the relationship between the host and guest is consensual in nature and involves some acceptance by the guest of the relationship and its attendant hazards . . . ." *Crovo v. Aetna Cas. & Sur. Co.,* 336 So.2d 1083, 1085 (Ala.1976). Alabama courts "have emphasized . . . the need for the potential guest to be able to accept, and appreciate the possible hazards that may arise from a given situation." *Walker v. Garris,* 368 So.2d 277, 279 (Ala.1979). Thus, "consent, and, therefore the ability

to consent, is a major factor in the operation of the guest statute." *Id.* In addressing the application of the Guest Statute to children under the age of fourteen, the Alabama Supreme Court held that the issue of whether a child was capable of consenting is for the jury. *Id.* The court reasoned that because "the guest statute is in derogation of the common law, . . . [it] should be strictly construed." *Id.* Whether this strict construction would exclude an intoxicated passenger from becoming a guest is at issue in this case.[6]

Intoxication can, under certain circumstances, invalidate consent. For example, "drunkenness of a party at the time of making a contract may render the contract voidable." *Williamson v. Matthews,* 379 So.2d 1245, 1247 (Ala.1980). For the contract to be "voidable, it must be made to appear that the party was intoxicated to such a degree that he was, at the time of the contracting, incapable of exercising judgment, understanding the proposed engagement, and of knowing what he was about when he entered into the contract sought to be avoided." *Id.* at 1247–48.

"[E]videntially no judicial precedent" exists, however, in support of the contention "that because a rider was intoxicated, unconscious, or mentally incompetent, he lacked the mental capacity to accept a ride and consequently could not be deemed a guest." Gregory G. Sarno, Annotation, *Status of Rider as Passenger Rather Than Guest,* 32 AM. JUR. PROOF OF FACTS 2D 1 § 12 (2003). The authority, however, for the converse, that even though a passenger was intoxicated, he or she is a guest, is limited and not binding upon Alabama courts. Essentially, two foundational cases, one decided by a Texas state court,

---

**6.** The toxicology analysis conducted by the Alabama Department of Forensic Sciences shows that Fitts, at the time of his death, had a .322% level of ethyl alcohol in his blood and

.363% in his vitreous humor. A driver is driving under the influence in the State of Alabama with a blood alcohol level of .08%. ALA CODE § § 32–5A–191 (1975).

and one from an Ohio state court, support the conclusion that intoxication does not render a guest, merely a passenger.

In *Linn,* the Texas Court of Civil Appeals held that the Texas guest statute applied to passengers that are intoxicated, thus barring claims for negligence. *Linn v. Nored,* 133 S.W.2d 234 (Tex.Civ.App. 1939). The Court noted that "our statute makes no distinction between a drunk and sober person, or between minors and adults, or sane and insane persons; and since the term 'guest' is used in its general sense, we are of the view that it should apply to a person under the influence of intoxicating liquor, no question of duress arising." *Id.* at 237. The term guest "[a]s used in the statute ... has its general and common understanding, and means that one is a guest who is the recipient of the voluntary hospitality of the owner or operator of the automobile." *Id.* Alabama, however, requires not just receiving hospitality, but accepting that hospitality, both the relationship and the hazards. *Crovo,* 336 So.2d at 1085.

In *Lombardo,* the Ohio Supreme Court addressed the question "whether one, who has voluntarily become intoxicated to such an extent that he cannot know or understand what he is doing, may, while in that condition, become and be a guest within the meaning of the Ohio guest statute." *Lombardo v. De Shance,* 167 Ohio St. 431, 149 N.E.2d 914, 917 (1958).[7] The court held that "one may become and be a guest in an automobile within the meaning of the Ohio guest statute although he may be mentally incapable of accepting an invitation to ride in that automobile." *Id.* at 918. The court, which stated that minors

would be treated as guests under the Ohio statute, explained that its guest statute was concerned with the "giving of" hospitality, not the acceptance thereof. *Id.* Whereas, excepting cases of kidnaping or similar acts, consent is irrelevant under Ohio's guest statute, in Alabama, "consent, and, therefore the ability to consent, is a major factor in the operation of the guest statute." *Walker,* 368 So.2d at 279.

When considering a motion to remand, this court's analysis "must be limited to determining whether Plaintiff[ ][has] even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." *Crowe,* 113 F.3d at 1539. Alabama law is not settled on whether an intoxicated passenger is a guest. The Plaintiff's argument to this court is persuasive as to why an Alabama court might allow a jury to determine if Fitts was a passenger, rather than a guest. The court must, "if there is even a possibility that state court would find that the complaint states a cause of action against any ... resident defendant, ... find that joinder was proper and remand case to state court." *Id.* at 1538.

■ Should this court find, as it does, that uncertainty exists with regard to the applicability of the Alabama guest statute to intoxicated passengers, the Defendants request certification of the question to the Alabama Supreme Court. The Defendants cite *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302 (11th Cir.2001) as authority. Defendants' Opposition at 13. Although in *Tillman* the Eleventh Circuit certified a state law question to the Alabama Supreme Court, this court assumes that this

7. The plaintiff in *Lombardo* consumed such a large amount of alcohol that she lost the ability to control her faculties and the ability to know, recall, or understand what she was doing for several hours. As opposed to allowing the intoxicated plaintiff to drive, the de-

fendant took control of the vehicle. As this factual situation presents, there are serious policy considerations underlying how a state applies its guest statute to a passenger who is intoxicated, particularly in light of concerns about drinking and driving.

certification occurred because of the procedural posture of the case. *Tillman*, 253 F.3d at 1304. The district court in *Tillman* denied the plaintiff's motion for remand, dismissing the Alabama resident defendants as being fraudulently joined, and granted the defendants's motion for summary judgment for failure to state a claim. *Id.* at 1305.

■ Pursuant to the Eleventh Circuit's guidance, certification is inappropriate in the context of ruling on a motion to remand. *Crowe*, 113 F.3d at 1540–41.[8] The Eleventh Circuit stated that if a case is properly before a district court pursuant to diversity jurisdiction, then the district court is bound to predict how the a state supreme court would rule on an issue or certify the question to the state supreme court. *Id.* at 1540. When determining, however, if a case should be remanded to state court, "the inquiry by federal judges **must** not go so far." *Id.* (emphasis added). When considering a motion to remand, "the question is whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Id.* (quoting *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176–77 (5th Cir.1968)). To permit certification of uncertain questions of state law that could reasonably be argued either in support of a plaintiff's or defendant's position would be contrary to the entire method of analysis that this court has been directed to perform in considering whether a party

has been fraudulently joined and whether a case should be remanded to the state courts. *See id.* Consequently, this court will not certify this question to the Alabama Supreme Court.

**B. Wantonness**

■ The Defendants argue that there is no possibility that an Alabama state court would find that the Plaintiff's Complaint states a cause of action against Griffin for wantonness because "there is no proof, even in the slightest, of the specific degree of wanton misconduct required by the statute and interpretive case law of this jurisdiction." Defendants' Opposition at 3. The Plaintiff contends that the lack of evidentiary support for her allegations results from removal occurring before any discovery has been taken. Also, she asserts that this difficulty is particularly exacerbated in this case, a wrongful death claim, where the only surviving witnesses from the car are Eddie Griffin, Jr., a Defendant, and Eddie Griffin, Sr., the father of a Defendant.[9]

■ A plaintiff seeking remand does not need to show that he or she could survive a motion for summary judgment by the non-diverse defendant; the standard is "much lighter." *Crowe*, 113 F.3d at 1541. In *Pritchard*, the court addressed a situation in which "in her pleadings, [the plaintiff] alleges simply that, while on duty as a security guard on Hancock's premises on September 6, 2001, Goolsby negligently failed to protect her and negligently failed to intervene to stop the attack." *Pritchard v. Hancock Fab-*

<hr>

8. *See also Pannell v. Am. Home Prods. Corp.*, 106 F.Supp.2d 1240, 1242 (N.D.Ala.2000). In *Pannell*, Senior District Judge Guin of the Northern District of Alabama concluded that "[t]o allow [a] defendant ... to have the case certified would require a ruling denying plaintiff's motion to remand because this court must first find it has jurisdiction before

it can attempt a certification to the Alabama Supreme Court." *Id.*

9. The plaintiff states that Defendant Griffin's testimony is more important to her case, because Mr. Griffin, Sr. was asleep in the car before the accident occurred.

*rics, Inc.,* 198 F.Supp.2d 1288, 1290 (N.D.Ala.2002). Pritchard, the plaintiff, "does not further elucidate her version of the specific facts relating to Goolsby's alleged knowledge or omissions." *Id.* Nevertheless, the court determined "that her complaint presents an arguable claim against Goolsby for purposes of determining whether his joinder is fraudulent." *Id.* The court concluded that it was "at least possible that, given an opportunity for full discovery, Pritchard might uncover evidence contradicting Goolsby's version of his role in events and indicating that he knew or should have known that the attack on Hancock's premises was occurring or was an imminent probability and that he failed to take reasonable action to intervene or otherwise protect Pritchard from physical harm." *Id.* at 1290–91. Though noting that "it might appear that Pritchard's claim against Goolsby is quite weak," the court found that it was not fraudulent joinder. *Id.* at 1291. The factual situation in this case is similar with the Plaintiff having set forth allegations that could possibly be supported through further discovery, but which currently are unsubstantiated.

In *Rivers,* the United States District Court for the Eastern District of Louisiana considered a motion to remand that arose out of a case being brought on behalf of a deceased spouse. *Rivers v. Int'l Matex Tank Terminal,* 864 F.Supp. 556 (E.D.La. 1994). The plaintiff alleged in her complaint that the non-diverse defendants committed intentional acts that caused her husband's illness and eventually his death. *Id.* at 560. While being deposed by defense counsel, the plaintiff conceded that she "knew of nothing that [the non-diverse defendants] did to cause her husband's illness." *Id.* The court concluded that "[u]ntil discovery is complete, Mrs. Rivers could not reasonably be expected to know

of all events that occurred during the course of her husband's employment. Because her husband has died since the filing of this suit, the only means by which Mrs. Rivers can learn of the underlying facts is through discovery." *Id.* at 560 n. 5.[10] The plaintiff in *Rivers* actually confronted fewer difficulties in presenting facts to the court than Fitts because her husband survived for almost a year after the filing of the suit and because presumably there were witnesses, who worked with her husband, that were not defendants or related to defendants.

Viewing this case in light of *Pritchard* and *Rivers,* this court finds persuasive the Plaintiff's argument that her claim for wantonness is not the product of fraudulent joinder. The insufficiency of the Plaintiff's allegations to survive a motion for summary judgment does not render her claim insufficient to warrant remanding this claim to state court. *Crowe,* 113 F.3d at 1541. The court must, "if there is even a possibility that state court would find that the complaint states a cause of action against any ... resident defendant, ... find that joinder was proper and remand case to state court." *Id.* at 1538. There is a possibility that after additional discovery is conducted the Plaintiff will be able to establish that the Defendant engaged in wanton behavior while driving the vehicle that contributed to causing the death of Mr. Fitts.

## V. CONCLUSION

The Defendants have not proved fraudulent joinder by clear and convincing evidence. If there is a possibility a state court would find that either the Plaintiff's negligence or wantonness claim states a cause of action against the non-diverse defendant, then this court is required to find that joinder was proper and remand the

10. Discovery had started, but was not complete in the *Rivers* case. *Id.* at 558, 560.

case to state court. The court concludes that the Plaintiff has the possibility of stating a claim both as to negligence and wantonness. Thus, joinder is not fraudulent, and the Plaintiff's Motion to Remand is due to be GRANTED.

### *ORDER*

In accordance with the Memorandum Opinion entered on this day, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Remand (Doc. # 17) is GRANTED.

2. This case is REMANDED to the Circuit Court for Lowndes County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.